IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DARQUITA HOFFMAN and | : | |
| ANGELA HASAN, | : | CIVIL ACTION |
| | : | FILE NO. |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | JURY TRIAL |
| JABNAT LLC, d/b/a HOWARD JOHNSON'S | : | DEMANDED |
| MOTEL, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

COME NOW Darquita Hoffman ("Hoffman") and Angela Hasan ("Hasan") (collectively "Plaintiffs"), by and through their undersigned attorneys, and assert their claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), for minimum wage and overtime pay compensation and other relief on the grounds set forth as follows:

## **PRELIMINARY STATEMENT**

1.

This is an FLSA case in which Plaintiffs, a motel night clerk (night auditor) and motel maid allege that they were not paid the minimum and overtime wages

required under the FLSA. Specifically, Plaintiffs allege that they were improperly overcharged for employer provided lodging, and as such, pursuant to 29 U.S.C. § 203(m) no portion of the value provided by the lodging constitutes wages which satisfy any part of Defendant's minimum and overtime wage obligations to Plaintiffs. In actual wages, each Plaintiff was paid $200 per week or less as described more fully below, and regularly worked more than forty hours per week.

## JURISDICTION AND VENUE

### 2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district. Venue is also appropriate in this judicial district as Defendant Jabnat LLC has its registered agent for service in this district.

## **PARTIES**

4.

Plaintiff Hoffman is a natural person and former employee of Defendant, which does business as a Howard Johnson's Motel in College Park, Georgia.

5.

Plaintiff Hasan is a natural person and former employee of Defendant. While Plaintiff Hasan was employed by Defendant, she went by the name Angela Lofton.

6.

Defendant Jabnat LLC is a Georgia Limited Liability Company licensed to do business in the State of Georgia and which does business as a Howard Johnson's Motel in College Park, Georgia.

7.

Defendant may be served with process via service on its registered agent, Kiya Kassa at his/her business address of 302 Perimeter Center North, Apt. 2235, Dunwoody, GA 30346.

8.

Defendant Jabnat LLC is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF DARQUITA HOFFMAN

### 9.

Plaintiff Hoffman was employed by Defendant Jabnat LLC from approximately December 8, 2019 through approximately May 6, 2020 as a motel maid.

### 10.

Throughout her employment, the primary job duty of Plaintiff Hoffman was to clean rooms and prepare them to be rented to motel guests.

### 11.

Throughout her employment, the work done by Plaintiff Hoffman as a motel maid was an integral and essential part of Defendant's business of operating a motel.

### 12.

Plaintiff Hoffman was an employee engaged in commerce and was employed by an enterprise engaged in commerce, *i.e.* working as a motel maid in a motel which is part of a national motel and hotel chain.

13.

From approximately December 8, 2019 through approximately March 5, 2020, Plaintiff Hoffman worked 7 days per week and approximately 6-8 hours per day, typically working 42-56 hours per week.

14.

From approximately March 6, 2020 through approximately May 6, 2020, when her employment ended, Plaintiff Hoffman worked 6 days per week and approximately 6-8 hours per day, typically working 36-48 hours per week.

15.

Throughout Plaintiff Hoffman's employment, Defendant compensated her at a rate of $3.00 for each room she cleaned.

16.

Throughout Plaintiff Hoffman's employment, she was compensated for her work by being paid wages and a motel room as lodging for which Defendant charged Hoffman $250 per week.

17.

Defendant deducted $250 from Plaintiff Hoffman's wages each week as payment for the provided motel room.

18.

After Defendant deducted $250 per week for the motel room from Plaintiff Hoffman's wages, Defendant would pay Plaintiff approximately $50.00-$100.00 per week.

19.

Defendant considered its providing of lodging to Plaintiff Hoffman as part of her compensation.

20.

Defendant did not reflect any amount of wages deducted for lodging on either Plaintiff Hoffman's W-2 Form or on her paychecks.

21.

At all times material hereto, Plaintiff Hoffman was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

22.

At all times material hereto, Plaintiff Hoffman was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

23.

At all times material hereto, Defendant was aware of the actual number of hours Plaintiff Hoffman worked.

24.

Defendant knew or should have known that the FLSA applied to Plaintiff Hoffman.

25.

29 U.S.C. § 206 requires that Defendant compensate Plaintiff Hoffman at a rate of no less than $7.25 per hour for every hour worked in any work week.

26.

Defendant knew or should have known that 29 U.S.C. § 206 requires that Defendant compensate Plaintiff Hoffman at a rate of at least $7.25 per hour for every hour worked in a work week.

27.

At all times material hereto, Defendant failed to compensate Plaintiff Hoffman at a rate of $7.25 per hour for each hour she worked.

28.

At all times material hereto, Defendant willfully failed to compensate Plaintiff Hoffman at a rate of $7.25 per hour for each hour she worked.

29.

29 U.S.C. § 207 requires that Defendant compensate Plaintiff Hoffman at a rate of one-and-one-half times her regular rate for all time worked in excess of forty (40) hours in a work week.

30.

Defendant knew or should have known that the 29 U.S.C. § 207 requires that Defendant pay Plaintiff Hoffman a premium for all hours worked above forty hours in any given workweek.

31.

At all times material hereto, Plaintiff Hoffman regularly worked more than forty (40) hours during a given workweek.

32.

At all times material hereto, Defendant failed to pay Plaintiff Hoffman at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

33.

At all times material hereto, Defendant willfully failed to pay Plaintiff Hoffman at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF ANGELA HASAN

34.

Plaintiff Hasan was employed by Defendant Jabnat LLC from approximately late-October 2019 until approximately March 2020 as a Night Auditor (night desk clerk).

35.

Throughout her employment, the primary job duties of Plaintiff Hasan included preparing reports from the previous day reflecting business generated by the motel; acting as a liaison with police officers when they were called to the motel to address various incidents; inspecting rooms to be sure they were cleaned prior to renting rooms to motel patrons; and performing bookkeeping duties.

36.

Throughout her employment, the work done by Plaintiff Hasan as a Night Auditor was an integral and essential part of Defendant's business of operating a motel.

37.

Plaintiff Hasan was an employee engaged in commerce and was employed by an enterprise engaged in commerce, *i.e.* working as a Night Auditor in a motel which is part of a national motel and hotel chain.

38.

At all times during her employment from approximately late-October 2019 until approximately March 2020, Plaintiff Hasan worked 6 days per week and approximately 10 hours per day, typically working 60 hours per week.

39.

At all times during her employment from approximately late-October 2019 until approximately March 2020, Defendant only compensated Plaintiff Hasan for her scheduled hours from 11:00 p.m. until 7:00 a.m., approximately 8 hours per day and paid her no wages for overtime hours worked.

40.

Throughout Plaintiff Hasan's employment, for the hours that Defendant did pay wages, Defendant compensated her at a rate of $10.00 per hour.

41.

Throughout Plaintiff Hasan's employment, she was compensated for her work by being paid an hourly wage and a motel room as lodging for which Defendant charged her $275 per week.

42.

After Plaintiff Hasan paid Defendant $275.00 per week for the motel room from her wages, Plaintiff Hasan netted approximately $200.00 per week free and clear.

43.

Defendant considered its providing of lodging to Plaintiff Hasan as part of her compensation.

44.

At all times material hereto, Plaintiff Hasan was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

45.

At all times material hereto, Plaintiff Hasan was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

46.

At all times material hereto, Defendant was aware of the actual number of hours Plaintiff Hasan worked.

47.

Defendant knew or should have known that the FLSA applied to Plaintiff Hasan.

48.

29 U.S.C. § 206 requires that Defendant compensate Plaintiff Hasan at a rate of no less than $7.25 per hour for every hour worked in any work week.

49.

Defendant knew or should have known that the 29 U.S.C. § 206 requires that Defendant compensate Plaintiff Hasan at a rate of at least $7.25 per hour for every hour worked in any work week.

50.

At all times material hereto, Defendant failed to compensate Plaintiff Hasan at a rate of $7.25 per hour for each hour she worked.

51.

At all times material hereto, Defendant willfully failed to compensate Plaintiff Hasan at a rate of $7.25 per hour for each hour she worked.

52.

29 U.S.C. § 207 requires that Defendant compensate Plaintiff Hasan at a rate of one-and-one-half times her regular rate for all time worked in excess of forty (40) hours in any work week.

53.

Defendant knew or should have known that 29 U.S.C. § 207 requires that Defendant Plaintiff Hasan a premium for all hours worked above forty hours in any given workweek.

54.

At all times material hereto, Plaintiff Hasan regularly worked more than forty (40) hours during a given workweek.

55.

At all times material hereto, Defendant failed to pay Plaintiff Hasan at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

56.

At all times material hereto, Defendant willfully failed to pay Plaintiff Hasan at one-and-one-half times her regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

## **FACTS COMMON TO THE CLAIMS OF BOTH PLAINTIFFS**

57.

Each Plaintiff's work period consisted of a seven day calendar week Monday through Friday.

58.

Upon information and belief, Defendant Jabnat LLC did not create or maintain records of the cost incurred in furnishing board to Plaintiffs, nor did Defendant maintain, on a work-week basis, records reflecting additions to wages or deductions from wages for board.

59.

Throughout each Plaintiff's use of a motel room as lodging, Defendants deducted more money from each Plaintiff's wages than the actual cost to Defendant of providing the lodging to Plaintiff.

60.

Upon information and belief, Defendant did not make any request for a determination of the reasonable cost of providing the lodging to the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

61.

Defendant Jabnat LLC was and is an "employer" of Plaintiffs within the meaning of 29 U.S.C. § 203(d) as it was acting directly or indirectly in the interest of Jabnat LLC in its interactions with Plaintiffs and controlled the terms and conditions of employment of both Plaintiffs on a day to day basis.

62.

Defendant Jabnat LLC is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1) and has been in each of the years 2019, 2020 and 2021.

63.

In 2019, Jabnat LLC had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

64.

In 2019, Jabnat LLC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

65.

In 2019, Jabnat had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

66.

In 2020, Jabnat LLC had two or more "employees engaged in commerce" within the meaning of  29 U.S.C. § 203(s)(1)(A).

67.

In 2020, Jabnat LLC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

68.

In 2020, Jabnat LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

69.

In 2021, Jabnat LLC had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

70.

In 2021, Jabnat LLC had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

71.

In 2021, Jabnat LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

72.

At all relevant times, each Plaintiff was an "employee" of Defendant Jabnat LLC within the meaning of 29 U.S.C. § 203(e)(1).

73.

For each Plaintiff, Defendant has failed to meet the requirements for any of the exemptions from the application of the minimum wage or overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

74.

Upon information and belief, in failing or refusing to pay each Plaintiff minimum wages or overtime wages as required by the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that either Plaintiff was not entitled to overtime.

75.

Defendant's conduct constitutes willful violations of §§ 206 and 207 of the FLSA, entitling each Plaintiff to all relief afforded under the FLSA, including the award of liquidated damages.

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF 29 U.S.C. §§ 206 and 215 AGAINST DEFENDANTS
### (Minimum Wage Violations)

76.

Paragraphs 1 through 75 are incorporated herein by this reference.

77.

Defendant's failure to pay each Plaintiff the minimum wage required by law for all work performed by each Plaintiff constitute violations of §§ 206 and 215 of the FLSA.  Such violation is intentional and willful.

78.

Plaintiffs are each entitled to be paid minimum wage for the first forty hours each worked in each work week plus an equal amount in liquidated damages, plus attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

## VIOLATION OF 29 U.S.C. §§ 207 and 215 AGAINST DEFENDANT
### (Overtime Violations)

79.

Paragraphs 1 through 75 are incorporated herein by this reference.

80.

Defendant's failure to compensate each Plaintiff for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for each Plaintiff for unpaid overtime compensation throughout their employment, liquidated damages in an amount equal to the unpaid compensation, plus reasonable attorneys' fees and expenses of litigation pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, the Plaintiffs request this Court:

(a)   Take jurisdiction of this matter;

(b)   Grant a trial by jury as to all matters properly triable to a jury;

(c)   Issue a judgment declaring that each Plaintiff was covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(d)   Award each Plaintiff payment for each hour worked up to forty hours in a workweek at the minimum wage rate required by law, plus

liquidated damages equaling 100% of the minimum wages due each Plaintiff, as required by the FLSA;

(e)     Award each Plaintiff payment for each overtime hour worked, calculated at one and one-half times the regular rate, plus liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

(f)     Award each Plaintiff prejudgment interest on all amounts owed;

(g)     Award each Plaintiff nominal damages;

(h)     Award each Plaintiff her reasonable attorney's fees and expenses of litigation pursuant to § 29 U.S.C. 216(b); and

(i)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this____day of June, 2021.

|  | **Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC** |
|---|---|
| 101 Marietta Street Suite 2650 Atlanta, Georgia 30303 (404) 979-3150 (404) 979-3170 (f) benjamin@dcbflegal.com charlesbridgers@dcbflegal.com | *s/ Mitchell D. Benjamin* Mitchell D. Benjamin Ga. Bar No. 049888 */s/Charles R. Bridgers* Charles R. Bridgers Ga. Bar No. 080791 |

Counsel for Plaintiffs